8187.  FORBES DRUG Co. *et al. v.* BERNARD MANUFACTURING Co.

JENKINS, J.  The contract which was the basis of the notes sued on was not subject to the criticism made that it was a lottery scheme or device, and therefore illegal and non-enforceable.  The evidence shows, by the admissions of the defendant, that he failed to comply with the terms of the contract, and was responsible for its non-performance. The written agreement between the plaintiff and its own salesman, admitted in evidence, if irrelevant, was harmless. · The court having charged the jury that the plaintiff could not recover if the consideration of the contract had failed, no injury to defendant was occasioned by failure to charge the law of rescission.

The verdict was clearly authorized by the evidence, and the court did not err in refusing to grant a new trial.

> *Judgment affirmed.  Broyles, P. J., and Bloodworth, J., concur.*
> DECIDED JUNE 15, 1917.

Complaint; from Dooly superior court—Judge George.  July 10, 1916.

The action was on certain promissory notes of the defendant to the plaintiff.  The defendant pleaded failure of consideration and illegality of consideration; that the consideration was that the plaintiff was to put on sale for the defendant what was known as "The Bernard Manufacturing Company's Trade Booster Methods," the scheme being that the plaintiff would advertise the defendant's retail drug business in the city of Vienna, Georgia, by the formation of clubs, the putting on of different kinds of contests, the giving of prizes to the successful contestants, the prizes to be furnished by the plaintiff, and the plaintiff to do all the work with the exception that the defendant was to handle the votes and distribute them among the contestants; that the plaintiff was to send one of its men experienced in such business to start the sale and put on the different contests, but never did so; that no sale was put on, no club organized on the part of the plaintiff, and no bond was executed by the plaintiff to the defendant, as stipulated in the contract; that the defendant's sales did not increase by reason of anything done by the plaintiff, and the defendant was not benefited by the contract; and that the scheme referred to was a lottery gift-enterprise scheme or device for the purpose of drawing customers, and therefore was illegal and immoral.  The defendant alleged also that the plaintiff sent to the defendant a piano and some silverware, to be used as prizes, and that, the plaintiff failing to comply with the contract, the defendant tendered this property back to the plaintiff.

The written agreement which was the basis of the notes sued on was as follows: "Vienna, Ga., June 11, 1914, Bernard Mfg. Co. Gentlemen: On your approval of this order, deliver to me at your earliest convenience, f. o. b. factory or distributing point, the piano, silverware, and advertising matter described on this and reverse side, in payment of which I hereby hand you my six notes, payable to your order, aggregating $400.00. If order is not approved and shipped by you, the notes are to be cancelled and returned to me. Clause 2: My last twelve months sales were $18,000.00; my next twelve months sales to be $22,000.00; and that if .01 9/11 per cent. of my gross sales does not amount to four hundred dollars ($400.00) for the next twelve months, you will pay me the deficiency in cash, and to send your bond for $400.00 to cover this agreement with me. To make the last above clause binding upon you I agree to make the shipment promptly, carry out the contest plan, promptly meet all obligations entered into under this agreement, keep the piano well displayed in my store, issue piano votes for each cent purchased, and every sixty days of this contest to report to you my gross sales, and promptly furnish you with all the information you request to enable you to assist in pursuing the contest. In consideration of the special methods set forth in your copyrighted plan, and the special terms and agreements herein, this order can not be countermanded." This part of the writing was followed by an order, signed by the defendant, for one book, "The Bernard Manufacturing Company's Trade-Booster Methods," instructions for newspaper advertising, posters, display-card signs, certificates for "piano votes," a piano, silverware, watches, etc. The plan as stated in the defendant's testimony was, that the plaintiff was to write to 150 persons, whose names were furnished by the defendant, to induce them to form clubs of ten, who would make cash purchases at the defendant's place of business and receive from the defendant vote coupons, representing the amounts of their purchases, which could be voted for contestants for prizes furnished by the plaintiff, and the lady receiving the highest number of votes was to receive the piano as a prize. As to the contract and the plea of illegality of consideration the court charged the jury as follows: "I instruct you that the contract referred to and set out in this writing, the agreement between the parties, does not disclose an illegal and void contract, as a gift enterprise or

lottery scheme, and that part of the plea is withdrawn from your consideration." In the motion for a new trial it is alleged that the court erred in giving this instruction; in admitting in evidence an agreement of employment between the plaintiff and its salesman who conducted the transaction with the defendant; in not charging the law of rescission, and in charging the jury as follows: "It is insisted by the defendant that no bond was sent for the sum of $400, as provided by clause 2 of this contract. I charge you that you will not consider that complaint or contention, because, under the construction given the contract by the court, the bond is not required to be sent to the defendant himself."

*Busbee & McDonald,* for plaintiff in error.

*L. L. Woodward,* contra.