### 10700. GUY *v.* NATIONAL CITY BANK OF MEMPHIS.

The advertising and prize scheme described in the defendant's plea was not violative of law, and did not render illegal or immoral the considertion of the notes sued on.

DECIDED OCTOBER 14, 1919.

Complaint; from Marion superior court—Judge Howard. May 1, 1919.

*W. B. Short, George P. Munro,* for plaintiff in error.

*John C. Butt,* contra.

LUKE, J. Mrs. Guy was sued on notes executed by her, payable to Partin Manufacturing Company, and endorsed to the plaintiff. She pleaded as follows: "The notes sued on are based on an illegal and criminal transaction, for the same were taken by the Partin Manufacturing Company, the consideration being illegal, and such a contract being contrary to the laws of the State of Georgia. Defendant says that in December, 1918, she was the proprietor of a drug-store in Buena Vista, Georgia, known as the City Drug

Store, conducted by her agents, and that she was engaged in selling drugs and various sundries usually found in a country drug-store, and doing an annual business of about $15,000; that she was approached by the Partin Manufacturing Company, who represented that they could increase the business of the said store from $15,000 per annum to at least $22,000 per annum, under an advertising scheme which was as follows: The Partin Manufacturing Company was to furnish defendant with such literature, stationery, etc., as was necessary to carry on its trade-boosting scheme. Defendant was to issue to each purchaser voting cards with each purchase made. Each purchaser was to receive one hundred votes for each one dollar purchase, one hundred votes were to be issued to each customer who paid one dollar on an account contracted after the campaign started. The advertising system was to continue for one year; at the end of such period the Partin Manufacturing Company was to furnish the successful winners of the prizes offered for the candidate who received the highest number of votes six prizes to be selected by the successful candidate, as follows: the candidate receiving the most votes would receive the winner's chance of an automobile, either a Palmer, Argo, Metz, Saxon, or five-passenger Ford, or five-passenger Emerson, according to the choice of the parties winning, the automobile being furnished to the winner by the Partin Manufacturing Company. The candidate who received the next highest number of trade votes was to be awarded by the Partin Manufacturing Company a grafanola, the third prize being a French ivory set, the fourth prize being a ladies' gold fancy lavalliere and chain, the fifth prize a mahogany finished vacuum sweeper, sixth prize a three-piece carving set. Defendant says that the Partin Manufacturing Company was to send a representative who was to assist in getting candidates and helping to start the trade-boosting campaign. The candidates were to enlist their friends in making purchases at defendant's store, so as to secure from defendant's customers the trade balance issued to them, so that the candidates could use them in procuring the highest number of votes, which would enable them to win the prizes. Each candidate was to sell coupon books or trade cards which would be redeemable in merchandise at defendant's store. For each one-dollar book or card a candidate sold, such candidate was to receive a thousand votes, and for each five-dollar card or book

sold and remitted for, the candidate was to receive ten thousand votes. The customer was permitted to give his trade votes to any candidate for the various prizes, and to vote them for any candidate, or she or he might be a candidate. At the close of the campaign, when the final count was made, the person having the highest number of votes to his or her credit would be pronounced the winner of the automobile, the next in standing was to be awarded the second prize, and so on. The representative of the Partin Manufacturing Company was to induce as many persons as possible to compete for the prizes to be given by the Partin Manufacturing Company. The advertising scheme of the Partin Manufacturing Company was to enlist the competition of as many candidates for the six prizes to be given by them as possible, so that each and every candidate would be induced to work among their friends to patronize defendant's store, and receive the trade balance awarded to each purchaser, in order that these balances might be used by them when the prizes were distributed. By the method above described the Partin Manufacturing Company obligated and guaranteed that it would increase defendant's sales from $15,000 to $22,000 per year. Defendant says that for the consideration above mentioned she gave the Partin Manufacturing Company the notes sued upon. Defendant says that after executing said notes she found that the advertising scheme of the Partin Manufacturing Company was illegal and contrary to the laws of Georgia, and that it was in violation of the criminal laws of said State as embodied in § 404 of the Criminal Code of said State. Defendant says that when she made this discovery she repudiated said contract. Defendant says that the contract between her and the Partin Manufacturing Company being illegal, that the notes sued upon are null and void, even though the plaintiff be an innocent purchaser of the same. Wherefore defendant prays judgment of the court in her behalf." The court sustained a demurrer to the plea, and rendered judgment for the plaintiff.

No valid defence was set up by the plea, and it was not error to disallow it and render judgment for the plaintiff. See *Tumlin v. Daniel Bros. Co.,* 141 *Ga.* 613 (81 S. E. 793). No such scheme was shown in the plea as would be violative of law and render the consideration illegal or immoral. See also *Forbes Drug Co.* v. *Bernard Mfg. Co.,* 20 *Ga. App.* 270 (92 S. E. 1009).

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*